# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) KYLE COWSER, ) ) Defendant. ) | CIVIL ACTION NO. 5:23-cv-74 (MTT) |

## ORDER

On February 24, 2023, plaintiff Atlantic Casualty Insurance Company filed this declaratory judgment action against JB&L Auto Sales, Inc., Yolanda and Jamiha Gilbert, and Kyle Cowser seeking a declaration that it does not owe a duty to defend or indemnify any defendant.  Doc. 1.  JB&L Auto Sales and the Gilbert defendants answered and are currently engaged in discovery with Atlantic Casualty.  Docs. 10; 13; 14; 18.  Cowser was served on March 22, 2023 and has failed to appear in the case.  Doc. 16.  Accordingly, on May 23, 2023, default was entered against him.  Doc. 22.  Atlantic Casualty Insurance Company now moves for default judgment against Cowser.  Doc. 24.

"[A] defendant's default does not in itself warrant the court in entering a default judgment."  *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  Generally, in cases involving more than one defendant, such as here, a

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

judgment should not be entered against a defaulting party alleged to be similarly situated until the matter has been adjudicated with respect to all defendants. *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps. Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).  The primary purpose of this rule is to eliminate the "risk of inconsistent adjudications." *Drill South, Inc. v. Int'l Fid. Ins. Co.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000).  Here, Atlantic Casualty seeks an order and judgment holding that it does not owe a duty to defend or indemnify Cowser in the underlying lawsuit.  Doc. 24 at 23-24.  However, JB&L Auto Sales and the Gilbert defendants have appeared and are defending themselves.  Thus, if the Court were to enter a judgment against Cowser holding Atlantic Casualty does not owe him a duty to defend to indemnify, there is a risk that the resulting judgments could be inconsistent.  *Drill South, Inc.*, 234 F.3d at 1237 n.8.

Accordingly, default judgment against Cowser is not appropriate and Atlantic Casualty's motion (Doc. 24) is **DENIED without prejudice**.

**SO ORDERED**, this 11th day of July, 2023.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT